## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK SCHULTZ, ANDREA THOMPSON-WOODLAND, CYNTHIA MOORE, ISAIAH RESTO, KEYANA BARNARD, KEAIR GRIFFIN, ANNA BILLS, GEORGE BARNICK, DANISE L. ROBBINS, DINA DAVIS, TERRANCE TAYLOR, and STEVEN DASSA, on behalf of themselves and all others similarily situated,** | **CIVIL ACTION NO. _____** <br><br> **JURY TRIAL DEMANDED** |
| **PLAINTIFFS** | |
| **v.** | |
| **WAWA, INC.,** <br> **260 W. Baltimore Pike** <br> **Wawa, Pennsylvania 19063** | |
| **DEFENDANT** | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Mark Schultz, Andrea Thompson-Woodland, Isaiah Resto, Keyana Barnard, Keair Griffin, Anna Bills, George Barnick, Danise L. Robbins, Dina Davis, Terrance Taylor, Cynthia Moore, and Steven Dassa (collectively, "Plaintiffs"), individually and on behalf of all similarly situated persons and entities (collectively, the "Class" or "Class Members"), upon personal knowledge of the facts pertaining to themselves and on information and belief as to all other matters, complain of the wrongful actions of Defendant Wawa, Inc. ("Wawa"), and respectfully allege the following:

## NATURE OF THE CASE

1. This is a data breach case. On December 19, 2019, Wawa revealed that it had discovered malicious software ("malware") on Wawa payment processing servers. According to

Wawa, "[t]his malware affected customer payment card information used at potentially all Wawa locations beginning at different points in time after March 4, 2019 and until it was contained" on December 12, 2019. Plaintiffs bring this class action on behalf of themselves and a nationwide Class against Wawa for failing to protect the personal and confidential information of millions of its customers—including credit card and debit card (also known as payment cards) numbers, expiration dates, and cardholder names (collectively, "Payment Card Information"). Plaintiffs and Class Members have been injured and as a direct and proximate result of Wawa's wrongful disclosure of their Payment Card Information (the "Wawa Data Breach" or "Data Breach").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d)(2), as this is a class action in which the amount in controversy exceeds $5,000,000, there are more than 100 proposed Class Members, and minimal diversity exists as Wawa is a citizen of a state different from that of at least one Class Member.

3.      This Court has personal jurisdiction over Wawa because at all relevant times, Wawa was (and continues to be) headquartered in this District and regularly conducted (and continues to conduct) business in this District.

4.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because a substantial part of the wrongful conduct alleged herein occurred in, was directed to, and/or emanated from this District. Venue also is proper in this District because at all relevant times, Wawa was (and continues to be) headquartered in this District and regularly conducted (and continues to conduct) business in this District.

## PARTIES

5.      Plaintiff Mark Schultz is a citizen and resident of Warrington, Pennsylvania. Plaintiff

Schultz paid for one or more purchases at a Wawa store and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and, on information and belief, his Payment Card Information was compromised in the Wawa Data Breach.

6.     Plaintiff Andrea Thompson-Woodland is a citizen and resident of Philadelphia, Pennsylvania. Plaintiff Thompson-Woodland paid for one or more purchases at a Wawa store and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and, on information and belief, her Payment Card Information was compromised in the Wawa Data Breach.

7.     Plaintiff Cynthia Moore is a citizen and resident of Philadelphia, Pennsylvania. Plaintiff Moore paid for one or more purchases on a near daily basis at a Wawa store and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and her Payment Card Information was compromised in the Wawa Data Breach by withdrawals on November 7, 2019, December 10, 2019 and December 21, 2019. Prior to being victimized by the Wawa Data Breach, her card had not been subjected to theft or fraud and had Ms. Moore known that Wawa would not adequately protect her Payment Card Information and other sensitive information entrusted to it, she would not have made regular purchases at Wawa using her credit card.

8.     Plaintiff Isaiah Resto is a citizen and resident of Toms River, New Jersey.  Plaintiff Resto paid for one or more purchases at a Wawa store and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and, on information and belief, his Payment Card Information was compromised in the Wawa Data Breach.

9.     Plaintiff Keyana Barnard is a citizen and resident of Lakewood, New Jersey. Plaintiff Barnard paid for one or more purchases at a Wawa store and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and, on information and belief, his Payment Card

Information was compromised in the Wawa Data Breach.

10.    Plaintiff Keair Griffin is a citizen and resident of Wilmington, Delaware. Plaintiff Griffin paid for one or more purchases at a Wawa store and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and, on information and belief, his Payment Card Information was compromised in the Wawa Data Breach.

11.    Plaintiff Anna Bills is a citizen and resident of Wilmington, Delaware. Plaintiff Bills paid for one or more purchases at a Wawa store and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and, on information and belief, her Payment Card Information was compromised in the Wawa Data Breach.

12.    Plaintiff George Barnick is a citizen and resident of Fredericksburg, Virginia. Plaintiff Barnick paid for one or more purchases at a Wawa store and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and, on information and belief, his Payment Card Information was compromised in the Wawa Data Breach.

13.    Plaintiff Danise L. Robbins is a citizen and resident of Fredericksburg, Virginia. Plaintiff Robbins paid for one or more purchases at a Wawa store and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and, on information and belief, her Payment Card Information was compromised in the Wawa Data Breach.

14.    Plaintiff Dina Davis is a citizen and resident of Frederick, Maryland. Plaintiff Davis paid for one or more purchases at a Wawa store and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and, on information and belief, her Payment Card Information was compromised in the Wawa Data Breach.

15.    Plaintiff Terrance Taylor is a citizen and resident of Fruitland, Maryland. Plaintiff Taylor paid for one or more purchases at a Wawa store and/or gas pump with a payment card

between March 4, 2019 and December 12, 2019, and, on information and belief, his Payment Card Information was compromised in the Wawa Data Breach.

16.     Plaintiff Steven Dassa is a citizen and resident of Boynton Beach, Florida. Plaintiff Dassa paid for one or more purchases at a Wawa store in Delray Beach, Florida and Boynton Beach, Florida and/or gas pump with a payment card between March 4, 2019 and December 12, 2019, and, on information and belief, his Payment Card Information was compromised in the Wawa Data Breach.

17.     Defendant Wawa, Inc. is a New Jersey corporation with its principal place of business in the Wawa area of Chester Heights, Pennsylvania in Greater Philadelphia. Defendant Wawa owns and operates over 850 convenience stores and gas stations in Pennsylvania, New Jersey, Delaware, Maryland, Virginia, Washington, D.C., and Florida. Defendant Wawa may be served with Summons and a copy of this Class Action Complaint and Jury Demand by serving its registered agent for service of process, CT Corporation Systems, 1515 Market Street, Philadelphia, PA 19102.

## **FACTS**

18.     According to Wawa, "at different points in time after March 4, 2019, malware began running on in-store payment processing systems at potentially all Wawa locations." The malware "was present on most store systems by approximately April 22, 2019."

19.     Wawa, however, did not discover the malware for over nine months after it infected Wawa's payment processing systems, and did not disclose the Data Breach for over a week after Wawa discovered it.

20.     Although Wawa believes "this malware no longer poses a risk to customers using payment cards at Wawa," Plaintiffs and Class Members are subject to identity fraud and identity

5

theft because of their compromised Payment Card Information wrongfully disclosed in the Wawa Data Breach.

21.     Wawa had obligations, arising from promises made to its customers like Plaintiffs and other Class Members, and based on industry standards, to keep the Payment Card Information confidential and to protect it from unauthorized disclosures. Class Members provided their Payment Card Information to Wawa with the understanding that Wawa and any business partners to whom Wawa disclosed the Payment Card Information would comply with their obligations to keep such information confidential and secure from unauthorized disclosures.

22.     Wawa claims it "is fully committed to data security." It further claims to "use security techniques on" its websites, "and through or in connection with our mobile apps or other software- and Internet-enabled programs and services sponsored by Wawa (the "Sites") to help protect against the loss, misuse or alteration of information collected from [its customers] at the Sites."

23.     According to Wawa, when customers "access [their] account information or transmit personally identifiable data to the Sites, that information is stored on servers that the Sites have attempted to secure from unauthorized access or intrusion. 'Secure Socket Layer' software encrypts personal information [its customers] transmit to the Sites."

24.     However, Secure Socket Layer encryption protects information only during its transmission, but not when stored on Wawa's payment processing systems.

25.     The Wawa Data Breach demonstrates that Wawa failed to honor its duties, representations, and obligations to protect Plaintiffs' and Class Members' Payment Card Information by, *inter alia*, failing to maintain an adequate data security system to protect against (and reduce the risk of) data breaches and cyberattacks, failing to adequately monitor its payment

card processing systems to identify data breaches and cyberattacks, and failing to adequately protect Plaintiffs' and the Class Members' Payment Card Information.

26.     Plaintiffs and Class Members have been injured and harmed by Wawa's wrongful disclosure of their Payment Card Information in the Data Breach.

27.     Wawa's data security obligations and promises were particularly important given the substantial increase in data breaches leading to identity theft and identity fraud, which are widely known to the public and to anyone in the retail grocery and convenience store industries.

28.     The United States Government Accountability Office ("GAO") noted in a June 2007 report on Data Breaches ("GAO Report") that victims of identity theft will face "substantial costs and inconveniences repairing damage to their credit records" and their "good name." *Id.* at 2,9.  Identity theft and identity fraud victims frequently are required to spend many hours and large amounts of money repairing the impact to their credit inflicted upon them by fraudsters using their purloined Payment Card Information.

29.     There also may be a time lag between the time Payment Card Information is stolen and when it is used and once it is disclosed, fraudulent use of that information may continue for years;

> [L]aw enforcement officials told us that in some cases, *stolen data may be held for up to a year or more before being used to commit identity theft*. Further, once stolen data have been sold or posted on the Web, *fraudulent use of that information may continue for years*. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

GAO Report at 29 (emphasis added).

30.     Payment Card Information, such as the Payment Card Information wrongfully disclosed in the Wawa Data Breach, is such a valuable commodity to identity thieves that once the information has been disclosed, criminals often trade the information on the "cyber black-market"

for years—openly posting stolen Payment Card Information directly on various Internet websites and making the information publicly available. This fate could very well befall Plaintiffs' and Class Members' confidential Payment Card Information compromised in the Wawa Data Breach—and most likely already has.

31.     Had Plaintiffs known that Wawa would not adequately protect their Payment Card Information and other sensitive information entrusted to it, they would not have made regular purchases at Wawa using their credit cards.

## CLASS ALLEGATIONS

32.     Pursuant to FED. R. CIV. P. 23, Plaintiffs bring this case as a national class action on behalf of the following Class:

> All individuals and entities persons in the United States whose credit and debit card numbers, expiration dates, and cardholder names were maintained on Wawa, Inc.'s payment processing servers and compromised in the Data Breach announced by Wawa, Inc. on December 19, 2019.

33.     Excluded from the Class are all Wawa officers, directors, and employees, the Court, and Court personnel.

34.     The Class is so numerous that joinder of all members is impracticable. The Class has several million members geographically dispersed over Wawa's multi-state area of operations. The identities of the Class Members are unknown to Plaintiffs at this time, but can easily be determined from Wawa's payment card processing system records.

35.     There are numerous questions of law and fact common to Plaintiffs and Class Members, including, *inter alia*:

> (i)     Whether Wawa's payment card processing data security protections prior to the Data Breach complied with all applicable legal requirements and/or industry standards;
>
> (ii)    Whether Plaintiffs' and Class Members' Payment Card Information was compromised in the Wawa Data Breach;

(iii)    Whether Wawa's above-described wrongful actions violated one or more of the common laws and/or statutes set forth below;

(iv)    Whether Plaintiffs and Class Members suffered injury and/or harm as a direct and/or proximate result of the Wawa Data Breach;

(v)    Whether Plaintiffs and Class Members are entitled to actual, consequential, punitive, and/or treble damages as a direct and/or proximate result of Wawa's wrongful conduct and the resulting Data Breach; and

(vi)    Whether Plaintiffs and Class Members are entitled to attorneys' fees, litigation expenses, and court costs.

36.    Plaintiffs' claims are typical of the claims of the Class' claims. Plaintiffs suffered the same injury and harm as the other Class Members; to wit, Plaintiffs' and Class Members' Payment Card Information was compromised in the Wawa Data Breach.

37.    Plaintiffs and their counsel will fairly and adequately represent the interests of Class Members. Plaintiffs have no interests antagonistic to, or in conflict with, the interests of any Class Members. Plaintiffs' counsel are experienced in leading and prosecuting large multi-district class actions, including data breach class actions.

38.    A class action is superior to all other available methods for fairly and efficiently adjudicating Plaintiffs' and Class Members' claims.  Plaintiffs and Class Members have been (and will continue to be) harmed as a direct and proximate result of Wawa's above-described wrongful actions, inaction, and/or omissions and the resulting Data Breach and its aftermath Litigating this case as a class action is appropriate because (i) it will avoid a multiplicity of suits and the corresponding burden on the courts and Parties, (ii) it would be virtually impossible for all Class Members to intervene as individual parties-plaintiff in this action, and (iii) it will provide court oversight of the claims process once Wawa's liability is adjudicated.

39.     Certification, therefore, is appropriate under FED. R. CIV. P. 23(b)(3) because the above-described common questions of law or fact predominate over any questions affecting individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40.     Certification also is appropriate under FED. R. CIV. P. 23(b)(1) because the prosecution of separate actions by individual Class Members would create a risk of establishing incompatible standards of conduct for Wawa.  For example, individual actions could be dispositive of the interests of the other Class Members who are not parties to such actions, and substantially impair or impede their ability to protect their interests.

41.     Wawa's above-described wrongful actions, inaction, and/or omissions and the resulting Data Breach and its aftermath are applicable to the Class as a whole, for which Plaintiffs seek, *inter alia*, damages and other equitable remedies.

42.     Absent a class action, Wawa will retain the benefits of its wrongdoing despite seriously violating the law and inflicting actual and consequential injury, harm, and damages on Plaintiffs and Class Members and their property and businesses.

## CLAIMS AND CAUSES OF ACTION

### COUNT I

### NEGLIGENCE/GROSS NEGLIGENCE

43.     The preceding factual statements and allegations are incorporated by reference.

44.     Wawa required Plaintiffs and Class Members to submit non-public Payment Card Information to pay for goods and services.

45.     By collecting and storing Plaintiffs' and Class Members' Payment Card Information, and sharing it and using it for commercial gain, Wawa had a duty of care to use

reasonable means to safeguard and protect the Payment Card Information to prevent its disclosure and guard against its theft.

46.     Wawa's duties and obligations included, *inter alia*, a responsibility to implement policies and procedures to safeguard and protect the Payment Card Information, detect a breach of its payment card processing systems in a reasonably expeditious period of time, and promptly notify data breach victims so that they could take swift action to further protect their finances and credit.

47.     Wawa also owed Plaintiffs and Class Members a duty to provide Payment Card Information security consistent with industry standards.

48.     Only Wawa could ensure its payment card processing systems were sufficient to protect against the injury and harm to Plaintiffs and Class Members resulting from a data breach.

49.     Wawa breached its duties and obligations to Plaintiffs and Class Members by, *inter alia*:

(i)     failing to adopt, implement, and maintain adequate security measures to safeguard and protect Plaintiffs' and Class Members' Payment Card Information;

(ii)    failing to adequately monitor the security of its payment card processing system;

(iii)   allowing unauthorized access to Plaintiffs' and Class Members' Payment Card Information; and

(iv)    failing to recognize and report in a timely manner the malware on its payment card processing system and that Plaintiffs' and Class Members' Payment Card Information had been wrongfully disclosed and compromised.

50.     It was foreseeable that Wawa's above-described wrongful actions, inaction, omissions, negligence, gross negligence, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information would proximately and/or directly result in injury

and harm to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

51.     There is no other foreseeable group of individuals and entities that would be directly and/or proximately injured or harmed by Wawa's above-described wrongful actions, inaction, omissions, negligence, and/or gross negligence other than Plaintiffs and Class Members.

52.     Wawa's above-described wrongful actions, inaction, and omissions constitutes negligence and/or gross negligence under the common law of Pennsylvania, New Jersey, Delaware, Maryland, Virginia, Washington, D.C., and Florida.

## COUNT II

### NEGLIGENCE *PER SE*

53.     The preceding factual statements and allegations are incorporated by reference.

54.     Section 5 of the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45, prohibits "unfair . . . practices in or affecting commerce" including, as interpreted and enforced by the FTC, the unfair act or practice by companies, such as Wawa, of failing to use reasonable measures to safeguard and protect their customers' Payment Card Information. Various FTC publications and orders also form the basis of Wawa's duty.

55.     Wawa violated Section 5 of the FTC Act (and similar state statutes) by failing to use reasonable measures to safeguard and protect Plaintiffs' and Class Members' Payment Card Information and failing to comply with industry data security standards (including, without limitation, the Payment Card Industry Data Security Standard ("PCI DSS").

56.     Plaintiffs and Class Members are consumers within the class of persons Section 5 of the FTC Act and similar state statutes are intended to protect.

57.     Wawa's above-described wrongful actions, inaction, omissions, negligence, gross negligence, failure to comply with Section 5 of the FTC Act, the PCI DSS, and similar state statutes, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

58.     Such, injury, harm, and damages are precisely the type of injury, harm, and damages the FTC Act and similar state statutes are intended to guard against. Indeed, the FTC has pursued over fifty enforcement actions against entities that, as a result of their failure to employ

reasonable data security measures and avoid unfair and deceptive practices and the resulting data breaches, caused the same injury, harm, and damages inflicted by Wawa on Plaintiffs and Class Members.

59.    Wawa's above-described wrongful actions, inaction, omissions, negligence, gross negligence, and failure to comply with Section 5 of the FTC Act, the PCI DSS, and similar state statutes constitutes negligence *per se* under the common law of Pennsylvania, New Jersey, Delaware, Maryland, Virginia, Washington, D.C., and Florida.

## COUNT III

## BREACH OF IMPLIED CONTRACT

60.    The preceding factual statements and allegations are incorporated by reference.

61.    When Plaintiffs and Class Members provided their Payment Card Information to Wawa in exchange for goods or services, they entered into implied contracts with Wawa pursuant to which Wawa agreed to safeguard and protect their Payment Card Information and timely and accurately notify them if their Payment Card Information is breached and compromised.

62.    Wawa solicited and invited its customers (*i.e.*, Plaintiffs and Class Members) to provide their Payment Card Information as part of its regular business practices. Plaintiffs and Class Members accepted Wawa's offers and provided their Payment Card Information to Wawa. In entering into such implied contracts, Plaintiffs and the Class understood that Wawa's data security practices, policies, and procedures were reasonable and consistent with industry standards and the law, and that Wawa would use part of the funds received from Plaintiffs and Class Members to pay for adequate data security practices, policies, and procedures.

63.    Plaintiffs and Class Members would not have entrusted their Payment Card Information to Wawa in the absence of the implied contract between them and Wawa to safeguard

and protect such information.

64.     Plaintiffs and Class Members fully performed their obligations under their implied contracts with Wawa.

65.     Wawa, however, breached its implied contracts with Plaintiffs and Class Members by, *inter alia*, failing to adopt, implement, and maintain adequate security measures to safeguard and protect Plaintiffs' and Class Members' Payment Card Information; failing to adequately monitor the security of its payment card processing system; allowing unauthorized access to Plaintiffs' and Class Members' Payment Card Information; and failing to recognize and report in a timely manner the malware on its payment card processing system and that Plaintiffs' and Class Members' Payment Card Information had been wrongfully disclosed and compromised.

66.     Wawa's above-described wrongful actions, inaction, and omissions, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

67.     Wawa's above-described wrongful actions, inaction, and omissions constitute

breaches of their implied contracts with Plaintiffs and Class Members under the common law of

Pennsylvania, New Jersey, Delaware, Maryland, Virginia, Washington, D.C., and Florida.

## COUNT IV

## VIOLATION OF THE DISTRICT OF COLUMBIA CONSUMER SECURITY BREACH NOTIFICATION ACT
### (D.C Code §§ 28-3851, *et seq.*)

68.     The preceding factual statements and allegations are incorporated by reference.

69.     Wawa is a business that owns or licenses computerized data that includes "personal

information," as defined by D.C. Code § 28-3852(a).

70.     Plaintiffs and Class Members' Payment Card Information includes "personal

information" as defined by D.C. Code § 28-3851(3).

71.     Wawa is required to accurately notify Plaintiffs and Class Members if it becomes

aware of a breach of its data security systems in the most expedient time possible and without

unreasonable delay under D.C. Code § 28-3852(a).

72.     Because Wawa was aware of the breach of its payment card processing system, it

had an obligation to disclose the data breach in a timely and accurate fashion as mandated by D.C.

Code § 28-3852(a).

73.     By failing to disclose the Data Breach in a timely and accurate manner, however,

Wawa violated D.C. Code § 28-3852(a).

74.     Wawa's above-described wrongful actions, inaction, and omissions, failure to

timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard,

protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information

directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members

in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity

fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

75.     Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the District of Columbia Consumer Security Breach Notification Act.

## COUNT V

## BREACH OF THE DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT
## (D.C. Code §§ 28-3904, *et seq*.)

76.     The preceding factual statements and allegations are incorporated by reference.

77.     Wawa is a "person" as defined by D.C. Code § 28-3901(a)(1).

78.     Wawa is a "merchant" as defined by D.C. Code § 28-3901(a)(3).

79.     Plaintiffs and Class Members are "consumers" who purchased or received goods or services for personal, household, or family purposes, as defined by D.C. Code § 28-3901.

80.     Wawa advertised, offered, or sold goods or services in the District of Columbia and engaged in trade or commerce directly or indirectly affecting the people of the District of Columbia.

81.     Wawa engaged in unfair, unlawful, and deceptive trade practices, misrepresentations, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of goods and services in violation of D.C. Code § 28-3904, including, *inter alia*, representing that goods or services have characteristics that they do not

have; representing that goods or services are of a particular standard, quality, grade, style, or model, when they are of another; misrepresenting a material fact that has a tendency to mislead; failing to state a material fact where the failure is misleading; advertising or offering goods or services without the intent to sell them as advertised or offered; and representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

82.     Wawa's specific unfair, unlawful, and deceptive trade practices include, *inter alia*, failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs' and Class Members' Payment Card Information, which was a direct and proximate cause of the Data Breach; failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Data Breach; misrepresenting that it would protect the privacy and confidentiality of Plaintiffs' and Class Members' Payment Card Information, including by implementing and maintaining reasonable security measures; misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45; omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs' and Class Members' Payment Card Information; and omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

83.     Wawa's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Wawa's data security and ability to

protect the confidentiality of its customers' Payment Card Information.

84.     Wawa intended to mislead Plaintiffs and Class Members and induce them to rely on its misrepresentations and omissions.

85.     Wawa's above-described unfair and deceptive acts and practices are unethical, oppressive, and unscrupulous, and caused the above-described substantial injury, harm, and damages to Plaintiffs and Class Members that they could not reasonably avoid—which outweighed any benefits to consumers or to competition.

86.     Wawa acted intentionally, knowingly, and maliciously to violate the District of Columbia's Consumer Protection Procedures Act, and recklessly disregarded Plaintiffs' and Class Members' rights.

87.     Wawa's above-described wrongful actions, inaction, and omissions, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

88.     Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the District of Columbia Consumer Protection Procedures Act.

## COUNT VI

### VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (§ 501.201 *et seq.*, Fla. Stat. ("FDUTPA"))

89.     The preceding factual statements and allegations are incorporated by reference.

90.     Plaintiffs are "consumers" who purchased goods from Wawa as defined in §501.203(7), Fla. Stat.

91.     The FDUTPA prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204, Fla. Stat.

92.     By failing to inform consumers (including Plaintiffs and Class Members) of its unsecure, non-compliant, and otherwise insufficient data and information security practices, Wawa advertised, sold, serviced, and otherwise induced consumers (including Plaintiffs and Class Members) to purchase goods and services from Wawa.

93.     Wawa knew or should have known that its payment card processing system and data security practices were inadequate to safeguard Plaintiffs' and Class Members' Payment Card Information, and the risk of a data breach was substantial.

94.     Wawa should have disclosed that its payment card processing system and data security practices were inadequate to safeguard Plaintiffs' and Class Members' Payment Card Information, and the risk of a data breach was substantial as Wawa was in a superior position to know about its system data security defects.

95.     Florida law requires notification of data breaches upon identification. Wawa

identified the Data Breach no later than December 10, 2019, but only notified the general public on December 20, 2019. Wawa has yet to send specific notice to the impacted consumers. Wawa's wrongful actions, inaction, and omissions left consumers impacted by the Data Breach at further risk during the period of time in between Data Breach discovery and notification.

96.     Wawa's above-described wrongful actions, inaction, and omissions constitute false and misleading representations, which have the capacity, tendency, and effect of deceiving or misleading consumers (including Plaintiffs and Class Members) regarding the security of its payment card processing system and their Payment Card Information.

97.     Wawa's above-described false representations, upon which consumers (including Plaintiffs and Class Members) relied to their detriment, were material representations (*e.g.*, as to Wawa's adequate protection of Payment Card Information).

98.     Wawa employed these false representations to promote the sale of a consumer good or service, which Plaintiffs and Class Members purchased.

99.     Wawa's above-described wrongful actions, inaction, and omissions, unconscionable, unfair, and deceptive acts or practices, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements,

credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

100.    Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the Florida Deceptive and Unfair Trade Practices Act.

## COUNT VII

### VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### 73 Pa. Cons. Stat. §§ 201-2 & 201-3, *et seq.*)

101.    The preceding factual statements and allegations are incorporated by reference.

102.    Wawa is a "person" as defined by 73 Pa. Cons. Stat. § 201-2(2).

103.    Plaintiffs and Class Members purchased goods and services in "trade" and "commerce," as defined by 73 Pa. Cons. Stat. § 201-2(3), primarily for personal, family, and/or household purposes.

104.    Wawa engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade and commerce in violation of 73 Pa. Cons. Stat. Ann. § 201-3 by, *inter alia*, representing that its goods and services have characteristics, uses, benefits, and qualities that they do not have (73 Pa. Stat. Ann. § 201-2(4)(v)); representing that its goods and services are of a particular standard or quality if they are another (73 Pa. Stat. Ann. § 201-2(4)(vii)); and advertising its goods and services with intent not to sell them as advertised (73 Pa. Stat. Ann. § 201-2(4)(ix)).

105.    Wawa's specific unfair or deceptive acts and practices include, *inter alia*, failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs' and Class Members' Payment Card Information, which was a direct and proximate cause of the Data Breach;

failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45; misrepresenting that it would protect the privacy and confidentiality of Plaintiffs' and Class Members' Payment Card Information, including by implementing and maintaining reasonable security measures and ensuring their vendors and business associates maintained reasonable security measures; misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45; omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs' and Class Members' Payment Card Information; and omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

106.    Wawa's representations and omissions were material because they were likely to deceive reasonable consumers (including Plaintiffs and Class Members) about the adequacy of its data security and ability to protect the confidentiality of consumers' Payment Card Information.

107.    Wawa intended to mislead Plaintiffs and Class Members and induce them to rely on its misrepresentations and omissions.

108.    Wawa acted intentionally, knowingly, and maliciously in violating the Pennsylvania Unfair Trade Practices and Consumer Protection Law, recklessly disregarding Plaintiffs' and Class Members' rights in the process.

109.    Wawa's above-described wrongful actions, inaction, and omissions, unconscionable, unfair, and deceptive acts or practices, failure to timely and accurately report the

Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

110.    Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

## COUNT VIII

### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT
### (N.J.S.A. § 56:8-1, *et seq.*)

111.    The preceding factual statements and allegations are incorporated by reference.

112.    The New Jersey Consumer Fraud Act (the "NJCFA"), N.J.S.A. § 56:8-1, *et seq.*, prohibits the act, use, or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression or omission, in connection with the sale or advertisement of any merchandise.

113.    Wawa, Plaintiffs, and Class Members are "persons" within the meaning of N.J.S.A. § 56:8-1(d).

114.    Wawa sells "merchandise," as defined by N.J.S.A. § 56:8-1, by offering

convenience store goods and services to the public.

115.     Wawa, operating in New Jersey, engaged in unconscionable and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of convenience store goods and services in violation of N.J.S.A. § 56:8-2, including, *inter alia*, misrepresenting material facts pertaining to the sale of convenience store goods and services to Plaintiffs and Class Members by representing that it would maintain adequate data security practices and procedures to safeguard Plaintiffs' and Class Members' Payment Card Information from unauthorized disclosure, release, data breaches, and theft; misrepresenting material facts, pertaining to the sale of convenience store goods and services, to Plaintiffs and Class Members by representing that it did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Plaintiffs' and Class Members' Payment Card Information; knowingly omitting, suppressing, and concealing the material fact of the inadequacy of the privacy and security protections for Plaintiffs' and Class Members' Payment Card Information with the intent that Plaintiffs and Class Members would rely on the omission, suppression, and concealment; engaging in unconscionable and deceptive acts and practices by failing to disclose the Data Breach to Plaintiffs and Class Members in a timely and accurate manner in violation of N.J.S.A. § 56:8-163; advertising Wawa's goods and services with the intent not to sell it as advertised (*i.e.*, with worse Payment Card Information security than advertised); and representing on its website that it is "is fully committed to data security" when, in fact, Wawa failed to safeguard customers' Payment Card Information by relying on deficient data security protection.

116.     The above unlawful and deceptive acts and practices by Wawa were immoral, unethical, oppressive, and unscrupulous, and caused substantial injury, harm, and damages to

25

consumers (including Plaintiffs and Class Members) that they could not reasonably avoid. The substantial injury, harm, and damages inflicted by Wawa on consumers (including Plaintiffs and Class Members) outweighed any benefits to consumers or to competition.

117.    Wawa knew or should have known that its data security practices were inadequate to safeguard Plaintiffs' and Class Members' Payment Card Information and that the risk of a data breach was substantial. Wawa's above-described wrongful actions, inaction, omissions, and unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiffs and Class Members.

118.    Plaintiffs and Class Members reasonably expected Wawa to protect their Payment Card Information and provide truthful statements on its website and privacy policies, and that it would be safe to provide Wawa with their Payment Card Information. Wawa's misrepresentations and affirmations of fact, and the true facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers (including Plaintiffs and Class Members), and that reasonable consumers (including Plaintiffs and Class Members) would, and did, rely upon in deciding whether to provide their Payment Card Information to Wawa. Wawa, moreover, intended for consumers, including Plaintiffs and Class Members, to rely on these material facts.

119.    Wawa's above-described wrongful actions, inaction, and omissions, unconscionable, unfair, and deceptive acts or practices, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in ascertainable loss, and other injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of

identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

120.    Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the New Jersey Consumer Fraud Act.

## COUNT IX

## VIOLATION OF THE NEW JERSEY CUSTOMER SECURITY BREACH DISCLOSURE ACT
## (N.J.S.A. §§ 56:8-163, *et seq.*)

121.    The preceding factual statements and allegations are incorporated by reference.

122.    Wawa is a "business" that conducts business in New Jersey under N.J.S.A. § 56:8-163(a).

123.    Plaintiffs' and Class Members' Payment Card Information includes personal information covered under N.J.S.A. §§ 56:8-163, *et seq.*

124.    Under N.J.S.A. § 56:8-163(a), "[a]ny business that conducts business in New Jersey. . . shall disclose any breach of security of [] computerized records following discovery or notification of the breach to any customer who is a resident of New Jersey whose personal information was, or is reasonably believed to have been, accessed by an unauthorized person."

125.    Because Wawa discovered a breach of its payment card processing system involving Plaintiffs' and Class Members' Payment Card Information, in which such Payment Card

Information was, or is reasonably believed to have been, acquired by an unauthorized person, and the Payment Card Information was not secured, Wawa had an obligation to disclose the Data Breach in a timely and accurate fashion as mandated under N.J.S.A. §§ 56:8-163, *et seq.*

126.    By failing to disclose the Data Breach in a timely and accurate manner, Wawa violated N.J.S.A. § 56:8-163(a).

127.    Wawa's above-described wrongful actions, inaction, and omissions, unconscionable, unfair, and deceptive acts or practices, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in ascertainable loss, injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

128.    Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the New Jersey Customer Security Breach Disclosure Act.

## COUNT X

### VIOLATION OF THE DELAWARE COMPUTER SECURITY BREACH ACT
**(6 Del. Code Ann. §§ 12B- 102, *et seq.*)**

129.    The preceding factual statements and allegations are incorporated by reference.

28

130.    Wawa is a "business" that owns or licenses computerized data that includes Personal Information as defined by 6 Del. Code Ann. § 12B-102(a).

131.    Plaintiffs' and Class Members' Payment Card Information includes "personal information" as defined by 6 Del. Code Ann. § 12B-101(4).

132.    Wawa is required to accurately notify consumers (including Plaintiffs and Class Members) if Wawa becomes aware of a data breach that is reasonably likely to result in the misuse of a Delaware resident's "personal information" in the most expedient time possible and without unreasonable delay under 6 Del. Code Ann. § 12B-102(a).

133.    Because Wawa was aware of a breach of its payment card processing system involving Delaware Plaintiffs' and Class Members' Payment Card Information that is reasonably likely to result in its misuse, Wawa had an obligation to disclose the Data Breach in a timely and accurate fashion per 6 Del. Code Ann. § 12B-102(a).

134.    By failing to disclose the Data Breach in a timely and accurate manner, Wawa violated 6 Del. Code Ann. § 12B-102(a).

135.    Wawa's above-described wrongful actions, inaction, and omissions, unconscionable, unfair, and deceptive acts or practices, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information, directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of

monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

136.     Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the Delaware Computer Security Breach Act.

## COUNT XI

### VIOLATION OF THE DELAWARE CONSUMER FRAUD ACT
### (6 Del. Code §§ 2513, *et seq*.)

137.     The preceding factual statements and allegations are incorporated by reference.

138.     Wawa is a "person" that is involved in the "sale" of "merchandise," as defined by 6 Del. Code § 2511(7), (8), and (6).

139.     Wawa advertised, offered, or sold goods or services in Delaware and engaged in trade or commerce directly or indirectly affecting the people of Delaware.

140.     Wawa used and employed deception, fraud, false pretense, false promise, misrepresentation, and the concealment, suppression, and omission of material facts with intent that others rely upon such concealment, suppression and omission, in connection with the sale and advertisement of merchandise, in violation of 6 Del. Code § 2513(a) by, *inter alia*, failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs' and Class Members' Payment Card Information, which was a direct and proximate cause of the Data Breach; failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Data Breach; failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45,

and Delaware's data security statute, 6 Del. Code § 12B-100, which was a direct and proximate cause of the Data Breach; misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Class Members' Payment Card Information, including by implementing and maintaining reasonable security measures; misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and Delaware's data security statute, 6 Del. Code § 12B-100; omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs' and Class Members' Payment Card Information; and omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and Delaware's data security statute, 6 Del. Code § 12B-100.

141.    Wawa's representations and omissions were material because they are likely to deceive reasonable consumers (including Plaintiffs and Class Members) about the adequacy of its data security and ability to protect the confidentiality of consumers' Payment Card Information, including Plaintiffs' and Class Members' Payment Card Information.

142.    Wawa acted intentionally, knowingly, and maliciously to violate Delaware's Consumer Fraud Act, and recklessly disregarded Plaintiffs' and Class Members' rights.

143.    Plaintiffs and Class Members acted reasonably in relying on Wawa's misrepresentations and omissions, the truth of which they could not have discovered.

144.    Wawa's unlawful trade practices were gross, oppressive, and aggravated, and Wawa breached the trust of Plaintiffs and Class Members.

145.    Wawa's above-described wrongful actions, inaction, and omissions,

unconscionable, unfair, and deceptive acts or practices, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

146.    Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the Delaware Consumer Fraud Act.

## COUNT XII

### VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT
### (Md. Code Ann. Com. Law § 13-101, *et seq.*)

147.    The preceding factual statements and allegations are incorporated by reference.

148.    Wawa is a "person" as defined by Md. Code, Com. Law § 13-101(h).

149.    Wawa's conduct as alleged herein related to "sales," "offers for sale," or "bailment" as defined by Md. Code, Com. Law § 13-101(i) and § 13-303.

150.    Plaintiffs and Class Members are "consumers" as defined by Md. Code, Com. Law § 13-101(c).

151.    Wawa advertises, offers, or sell "consumer goods" or "consumer services" as

defined by Md. Code, Com. Law § 13-101(d).

152.    Wawa advertised, offered, or sold goods or services in Maryland and engaged in trade or commerce directly or indirectly affecting the people of Maryland.

153.    Wawa engaged in unfair and deceptive trade practices, in violation of Md. Code, Com. Law § 13-301, by, *inter alia*, making false or misleading oral or written representations that have the capacity, tendency, or effect of deceiving or misleading consumers (Md. Code, Com. Law § 13-301(1)); representing that consumer goods or services have a characteristic that they do not have (Md. Code, Com. Law § 13-301(2)(i)); representing that consumer goods or services are of a particular standard, quality, or grade that they are not (Md. Code, Com. Law § 13-301(2)(iv)); failing to state a material fact where the failure deceives or tends to deceive (Md. Code, Com. Law § 13-301(3)); advertising or offering consumer goods or services without intent to sell, lease, or rent them as advertised or offered (Md. Code, Com. Law § 13-301(5)); and engaging in deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of consumer goods or services (Md. Code, Com. Law § 13-301(9)).

154.    Wawa specifically engaged in unfair and deceptive trade practices in connection with offering for sale or selling consumer goods or services, in violation of Md. Code, Com. Law § 13- 303, by, *inter alia*, failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs' and Class Members' Payment Card Information, which was a direct and proximate cause of the Data Breach; failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, which was a direct and proximate cause of the Data Breach; failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed

by the FTC Act, 15 U.S.C. § 45, and the Maryland Personal Information Protection Act, Md. Code, Com. Law § 14-3503, which was a direct and proximate cause of the Data Breach; misrepresenting that it would protect the privacy and confidentiality of Plaintiffs' and Class Members' Payment Card Information, including by implementing and maintaining reasonable security measures; misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and the Maryland Personal Information Protection Act, Md. Code, Com. Law § 14-3503; omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs' and Class Members' Payment Card Information; and omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs' and Class Members' Payment Card Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and the Maryland Personal Information Protection Act, Md. Code, Com. Law § 14-3503.

155.    Wawa's representations and omissions were material because they are likely to deceive reasonable consumers (including Plaintiffs and Class Members) about the adequacy of Wawa's data security and ability to protect the confidentiality of consumers' Payment Card Information. Wawa's misrepresentations and omissions is important to a significant number of consumers (including Plaintiffs and Class Members) in making Payment Card decisions.

156.    Wawa intended to mislead Plaintiffs and Class Members and induce them to rely on its misrepresentations and omissions.

157.    Plaintiffs and the Class Members acted reasonably in relying on Wawa's misrepresentations and omissions, the truth of which they could not have discovered.

158.    Wawa acted intentionally, knowingly, and maliciously to violate Maryland's

Consumer Protection Act, and recklessly disregarded Plaintiffs' and Class Members' rights.

159.   Wawa's above-described wrongful actions, inaction, and omissions, unconscionable, unfair, and deceptive acts or practices, failure to timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

160.   Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the Maryland Consumer Protection Act.

## COUNT XIII

## VIOLATION OF THE MARYLAND PERSONAL INFORMATION PROTECTION ACT (Md. Comm. Code §§ 14-3501, *et seq.*)

161.   The preceding factual statements and allegations are incorporated by reference.

162.   Under Md. Comm. Code § 14-3503(a), "[t]o protect Personal Information from unauthorized access, use, modification, or disclosure, a business that owns or licenses Personal Information of an individual residing in the State shall implement and maintain reasonable security procedures and practices that are appropriate to the nature of Personal Information owned or

licensed and the nature and size of the business and its operations."

163.    Wawa is a "business" that owns or licenses computerized data that includes Personal Information as defined by Md. Comm. Code §§ 14-3501(b)(1) and (2).

164.    Plaintiffs and Class Members are "individuals" and "customers" as defined and covered by Md. Comm. Code §§ 14-3502(a) and 14-3503.

165.    Plaintiffs' and Class Members' Payment Card Information includes Personal Information as defined by Md. Comm. Code § 14-3501(d).

166.    Wawa did not maintain reasonable data security practices and procedures appropriate to the nature of the Payment Card Information provided to Wawa by Plaintiffs and Class Members and the size of Wawa's business and operations in violation of Md. Comm. Code § 14-3503.

167.    The Data Breach was a "breach of the security of a system" as defined by Md. Comm. Code § 14-3504(1).

168.    Under Md. Comm. Code § 14-3504(b)(1), "[a] business that owns or licenses computerized data that includes Personal Information of an individual residing in the State, when it discovers or is notified of a breach of the security system, shall conduct in good faith a reasonable and prompt investigation to determine the likelihood that Personal Information of the individual has been or will be misused as a result of the breach."

169.    Under Md. Comm. Code §§ 14-3504(b)(2) and 14-3504(c)(2), "[i]f, after the investigation is concluded, the business determines that misuse of the individual's Personal Information has occurred or is reasonably likely to occur as a result of a breach of the security system, the business shall notify the individual of the breach" and that notification "shall be given as soon as reasonably practical after the business discovers or is notified of the breach of a security

system."

170.     Because Wawa discovered the Data Breach and had notice of it, Wawa had an

obligation to disclose the Data Breach in a timely and accurate fashion as mandated by Md. Comm.

Code §§ 14-3504(b)(2) and 14-3504(c)(2).

171.     By failing to disclose the Data Breach in a timely and accurate manner, Wawa

violated Md. Comm. Code §§ 14-3504(b)(2) and 14-3504(c)(2).

172.     Wawa's above-described wrongful actions, inaction, and omissions,

unconscionable, unfair, and deceptive acts or practices, violations of Md. Comm. Code §§ 14-

3504(b)(2) and 14-3504(c)(2), failure to timely and accurately report the Data Breach, failure to

timely and accurately report the Data Breach, and failure to use reasonable measures to safeguard,

protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information

directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members

in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity

fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed

and compromised Payment Card Information; the illegal sale of the compromised Payment Card

Information on the deep web black market; lost value of the compromised Payment Card

Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent

scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit;

expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work

time; and other economic and non-economic injury, harm, and damages.

173.     Pursuant to Md. Comm. Code § 14-3508, Wawa's violations of Md. Comm. Code

§§ 14-3504(b)(2) and 14-3504(c)(2) are unfair or deceptive trade practices within the meaning of

the Maryland Consumer Protection Act, 13 Md. Comm. Code §§ 13-101 et seq. and subject to the

enforcement and penalty provisions contained within the Maryland Consumer Protection Act.

174.    Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the Maryland Personal Information Protection Act.

## COUNT XIV

### Violation of the Virginia Personal Information Breach Notification Act
### (Va. Code. Ann. §§ 18.2-186.6, *et seq.*)

175.    The preceding factual statements and allegations are incorporated by reference.

176.    Wawa is required to accurately notify Plaintiffs and Class Members following discovery or notification of a breach of its payment card processing system if unencrypted or unredacted Payment Card Information was or is reasonably believed to have been accessed and acquired by an unauthorized person who will, or it is reasonably believed who will, engage in identify theft or another fraud, without unreasonable delay under Va. Code Ann. § 18.2-186.6(B).

177.    Wawa is an entity that owns or licenses computerized data that includes Personal Information as defined by Va. Code Ann. § 18.2-186.6(B).

178.    Plaintiffs' and Class Members' Payment Card Information includes Personal Information as defined by Va. Code Ann. § 18.2-186.6(A).

179.    Because Wawa discovered a breach of its payment card processing system in which Wawa stored Plaintiffs' and Class Members' unencrypted or unredacted Payment Card Information that was or is reasonably believed to have been accessed and acquired by an unauthorized person, who will, or it is reasonably believed who will, engage in identify theft or another fraud, Wawa had an obligation to disclose the Data Breach in a timely and accurate fashion as mandated by Va. Code Ann. § 18.2-186.6(B).

180.    By failing to disclose the Data Breach in a timely and accurate manner, Wawa violated Va. Code Ann. § 18.2-186.6(B).

181.    Wawa's above-described wrongful actions, inaction, and omissions, unconscionable, unfair, and deceptive acts or practices, failure to timely and accurately disclose the Data Breach, and failure to use reasonable measures to safeguard, protect, and monitor the security of Plaintiffs' and Class Members' Payment Card Information directly and/or proximately resulted in injury, harm, and damages to Plaintiffs and Class Members in the form of, *inter alia,* the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages.

182.    Wawa's above-described wrongful actions, inaction, and omissions constitute breaches of the Virginia Personal Information Breach Notification Act.

## COUNT XV

## UNJUST ENRICHMENT

183.    This claim is plead in the alternative to the above implied contract claim.

184.    Plaintiffs and Class Members conferred a monetary benefit upon Wawa in the form of monies paid for the purchase of food and food-related services at its locations.

185.    Wawa appreciated or had knowledge of the benefits conferred upon them by Plaintiffs and Class Members. Wawa also benefited from the receipt of Plaintiffs and Class Members' Payment Card Information, as this was utilized by Wawa to facilitate payment to it.

186.    The monies Plaintiffs and Class Members paid to Wawa were supposed to be used by Wawa, in part, to pay for adequate data privacy infrastructure, practices, and procedures.

187.    As a result of Wawa's conduct, Plaintiffs and Class Members suffered actual damages in an amount equal to the difference in value between their purchases made with adequate data privacy and security practices and procedures that Plaintiffs and class members paid for, and those purchases without adequate data privacy and security practices and procedures that they received.

188.    Under principals of equity and good conscience, Wawa should not be permitted to retain the money belonging to Plaintiffs and Class Members because Wawa failed to implement (or adequately implement) the data privacy and security practices and procedures that Plaintiffs and Class Members paid for and that were otherwise mandated by federal, state, and local laws and industry standards.

189.    Wawa should be compelled to disgorge into a common fund for the benefit of Plaintiffs and Class Members all unlawful or inequitable proceeds received by it as a result of the conduct and Data Breach alleged herein.

## **RELIEF REQUESTED**

190.    The preceding factual statements and allegations are incorporated by reference.

191.    **ACTUAL, CONSEQUENTIAL, AND COMPENSATORY DAMAGES AND/OR RESTITUTION.** As a direct and/or proximate result of Wawa's above-described wrongful actions, inaction, omissions, and the resulting Data Breach and its aftermath, Plaintiffs and Class Members have suffered (and will continue to suffer) actual, consequential, and compensatory injury, harm, and damages in the form of, *inter alia*, the ongoing, imminent, and impending threat of identity theft and identity fraud; actual identity theft and identity fraud; loss of the confidentiality of the

wrongfully disclosed and compromised Payment Card Information; the illegal sale of the compromised Payment Card Information on the deep web black market; lost value of the compromised Payment Card Information; cost of monitoring, credit freezes, and/or identity theft insurance; time spent scrutinizing bank statements, credit card statements, credit reports, and repairing damaged credit; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic injury, harm, and damages. All conditions precedent to Plaintiffs' and Class Members' claims for relief have been performed or occurred.

192. **PUNITIVE DAMAGES.** WAWA'S above-described wrongful actions, inaction, omissions, and the resulting Data Breach and its aftermath were committed willfully, wantonly, and with reckless disregard for Plaintiffs' and Class Members' rights and interests. Accordingly, Plaintiffs and Class Members also are entitled to punitive damages from TPC as punishment and to discourage such wrongful conduct in the future. All conditions precedent to Plaintiffs' and Class Members' claims for relief have been performed or occurred.

193. **TREBLE DAMAGES.** WAWA'S above-described wrongful actions, inaction, omissions, and the resulting Data Breach and its aftermath were committed willfully, wantonly, and with reckless disregard for Plaintiffs' and Class Members' rights and interests. Accordingly, Plaintiffs and Class Members also are entitled to treble damages under the appropriate above-listed statutes. All conditions precedent to Plaintiffs' and Class Members' claims for relief have been performed or occurred.

194. **CIVIL PENALTIES.** WAWA'S above-described wrongful actions, inaction, omissions, and the resulting Data Breach and its aftermath were committed willfully, wantonly, and with reckless disregard for Plaintiffs' and Class Members' rights and interests. Accordingly, Plaintiffs

and Class Members also are entitled to civil penalties under the appropriate above-listed statutes. All conditions precedent to Plaintiffs' and Class Members' claims for relief have been performed or occurred.

195. **ATTORNEYS' FEES, LITIGATION EXPENSES AND COURT COSTS.** Plaintiffs and Class Members also are entitled to recover their attorneys' fees, litigation expenses, and court costs in prosecuting this action. All conditions precedent to Plaintiffs' and Class Members' claims for attorneys' fees, litigation expenses, and court costs have been performed or occurred.

**WHEREFORE,** Plaintiffs, for themselves and Class Members, respectfully request that (i) Defendant Wawa, Inc. be cited to appear and answer this lawsuit, (ii) this action be certified as a class action, (iii) Plaintiffs be designated the Class Representatives, and (iv) Plaintiffs' counsel be appointed Class Counsel. Plaintiffs, for themselves and Class Members, also request that upon final trial or hearing, judgment be awarded against Defendant Wawa, Inc. in Plaintiffs' favor for:

(i) actual, consequential, and compensatory damages in an amount to be determined by the trier of fact;

(ii) punitive damages;

(iii) treble damages;

(iv) civil penalties:

(v) pre- and post-judgment interest at the highest legal rates;

(vi) attorneys' fees, litigation expenses, and court costs through the trial and any appeals of this case; and

(vii) such other and further relief the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiffs, for themselves and all others similarly situated, respectfully demand a trial by jury on all claims so triable.

Date:  December 31, 2019                    Respectfully submitted,


                                            By: /s/ Natalie Finkelman Bennett
                                            Natalie Finkelman Bennett (PA ID 57197)
                                            James C. Shah (PA ID 80337)
                                            Alec Berin (PA ID 328071)
                                            SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
                                            1845 Walnut Street, Suite 806
                                            Philadelphia, PA 19103
                                            Telephone: (610) 891-9880
                                            Facsimile: (866) 300-7367
                                            Email: nfinkelman@sfmslaw.com
                                            Email: jshah@sfmslaw.com

                                            Richard L. Coffman
                                            THE COFFMAN LAW FIRM
                                            Edison Plaza
                                            350 Pine Street, Suite 700
                                            Beaumont, TX 77701
                                            Telephone: (409) 833-7700
                                            Facsimile: (866) 835-8250
                                            Email: rcoffman@coffmanlawfirm.com

                                            Mitchell A. Toups
                                            MITCHELL A. TOUPS, LTD.
                                            2615 Calder Ave., Suite 400
                                            Beaumont, TX 77702
                                            Telephone: (409) 838-0101
                                            Facsimile: (409) 838-6780
                                            Email: matoups@wgttlaw.com

                                            Michael D. Shaffer (PA ID 60191)
                                            Michael H. Gaier (PA ID 50210)
                                            SHAFFER & GAIER, LLC
                                            1628 JFK Boulevard, Suite 400
                                            Philadelphia PA 19103
                                            Telephone: (215) 751 0100
                                            Facsimile: (215)751 0723
                                            Email: mshaffer@shaffergaier.com
                                                   mgaier@shaffergaier.com

                                            *ATTORNEYS FOR PLAINTIFFS AND THE
                                            PUTATIVE CLASS*